# 13-3638-CV

## United States Court of Appeals
### *for the*
## Second Circuit

MOATAZ A.R. MOHAMED, Individually and as Personal Representative
of the Estates of ALY RAHAD, ALY MOHAMED and
BARIA ZAKI MOHAMED, deceased,

*Plaintiff-Appellant,*

— v. —

NOLAN LAW GROUP, DONALD J. NOLAN, DONALD J. NOLAN, LTD.,
DBA Nolan Law Group,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

KONICEK & DILLON, P.C.
*Attorneys for Plaintiff-Appellant*
21 West State Street
Geneva, Illinois 60134
(630) 262-9655

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................i

TABLE OF AUTHORITIES ........................................................ii

ARGUMENT ...........................................................................1

CONCLUSION .........................................................................19

CERTIFICATE OF COMPLIANCE.........................................20

# TABLE OF AUTHORITIES

**CASES:**

*Serafin v. Seith*,
284 Ill.App.3d 577, 586-87 (1st Dist. 1996)............................1

*Lucey v. Law Offices of Pretzel & Stouffer, Chartered*,
301 Ill.App.3d 348 (1998)....................................................1, 2

*Goran v. Glieberman*,
276 Ill.App.3d 590, 595 (1st Dist. 1995) .............................2, 4

*In re Winthrop*,
219 Ill.2d 526, 543 (2006)........................................................5

*In re Smith*,
168 Ill.2d 269, 280 (1995)........................................................5

*Jackson Jordan, Inc. v. Leydig, Voit & Mayer*,
158 Ill.2d 240, 252 (1994)........................................................5

*Witherell v. Weimer*,
85 Ill.2d 146, 159 (1981)..........................................................5

*Bomba v. W.L. Belvidere, Inc.*,
579 F.2d 1067, 1071 (7th Cir. 1978)........................................5

*DeLuna v. Burciaga*,
223 Ill.2d 49, 77 (2006)........................................................6, 7

*Ennenga v. Starns*,
677 F.3d 766, 775 (7th Cir. 2012)............................................8

*Mauer v. Rubin*,
401 Ill.App.3d 630, 650 (1st Dist. 2010) .................................8

*Turner v. Nama*,
294 Ill.App.3d 19, 27-8 (1st Dist. 1997)..................................8

*Eastman v. Messner*,
188 Ill.2d 404, 411 (1999)........................................................9

*Palmros v. Barcelona*,
284 Ill.App.3d 642 (2d Dist. 1996)....................................9, 10

*Metrick v. Chatz*,
266 Ill.App.3d 649, 654 (1st Dist. 1994) ...............................9

*Kronos Inc. v. AVX Corp.*,
81 N.Y.2d 90, 94 (1993) ...................................................11, 12

*Schmidt v. Merchants Desp. Transp. Co.*,
270 N.Y. 287, 300 (1936) .......................................................11

*McCoy v. Feinman*,
99 N.Y.2d 295, 301 (2002) ...............................................11, 12

*Prudential Ins. Co. of Am. v. Dewey, Ballantine, Bushby,
Palmer & Wood*,
170 A.D.2d 108, 114 (1st Dep't 1991)...................................12

*Kerbein v. Hutchinson*,
30 A.D.3d 730 (3d Dep't 2006) .......................................14, 15

*Melcher v. Greenberg Traurig*,
2014 WL 1280587 (2014).........................................16, 17, 18

**STATUTES:**

CPLR § 214 .............................................................................11

CPLR § 203 .............................................................................11

CPLR § 213(1) .........................................................................16

<u>**ARGUMENT**</u>

I.   <u>**PLAINTIFF'S CLAIMS ARE TIMELY UNDER ILLINOIS LAW**</u>

      A.  **Plaintiff properly filed within the two year statute of limitation for bringing legal malpractice claims in Illinois.**

Plaintiff's claims were brought within the two year statute of limitations proscribed by Illinois law for legal malpractice claims. Illinois case law established that the necessary elements for a legal malpractice claim are: (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that "but for" the attorney's negligence, the plaintiff would have prevailed in the underlying action; and (4) actual damages. *Serafin v. Seith*, 284 Ill.App.3d 577, 586-87 (1st Dist. 1996). Additionally, Illinois courts have continuously held that in Illinois an action "for legal malpractice does not accrue until plaintiff discovers, or within a reasonable time should discover, his injury **and incurs damages directly attributable to counsel's neglect.**" *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill.App.3d 348 (1998) (emphasis added). Such language shows that a plaintiff must meet two independent criteria: discovery (or the possibility of discovery) and the incursion of damages.

Further explaining damages in relation to a legal malpractice case, Illinois courts have stated, "[**w**]hen uncertainty exists as to the very fact of damages, as opposed to the amount of damages, damages are speculative … and **no cause of**

**action for malpractice can be said to exist.**" *Lucey*, 301 Ill.App.3d at 355 citing *Goran v. Glieberman*, 276 Ill.App.3d 590, 595 (1st Dist. 1995) (emphasis added). Therefore, the two year statute of limitations in Illinois for legal malpractice claims begins to run when a plaintiff discovers or should discover the injury against him, and has incurred actual damages. Here, Plaintiff did not incur actual damages from Defendants' negligent conduct until the adverse decision was entered against him on March 29, 2010.

Under Illinois case law, Plaintiff's legal malpractice claim did not accrue until March 29, 2010, when Judge Cogan dismissed Plaintiff's underlying case for Defendants' failure to have Plaintiff appointed Special Representative. Judge Cogan notes that in this case the mistake of the Defendants resulted in the dismissal of Plaintiff's underlying cause of action. It was on that date (March 29, 2010) that Plaintiff incurred damages directly attributable to Defendants' negligent act of failing to appoint Plaintiff as Special Representative of the Personal Representative of his parents' estate. With a two year statute of limitations, Plaintiff needed to file suit by March 29, 2012 (the date upon which damages were no longer speculative as the underlying cause of action was resolved). However, Plaintiff and Defendants entered into the First Tolling Agreement on January 26, 2012. In part, the First Tolling Agreement provided:

1.  …The Defendants agree to waive and to not plead in response to any action or proceeding brought in the future by the Plaintiff

against the Defendant (and others) alleging Claims that such Claims are barred or prejudiced by any otherwise applicable statute of limitations, statute of repose, theory of laches, estoppel or waiver under any federal or state statutory or common law or otherwise by virtue of the passage of time (hereinafter collectively referred to as the "Timing Defenses") commencing on the Effective Date of this Agreement until and including the Termination Date if this Agreement as defined in Paragraph 2 [March 19, 2012]. …

2. This Agreement will terminate on March 19, 2012

3. Any Timing Defense that the Defendants have against any Claim that Plaintiff has or may have shall be tolled commencing with the Effective Date of this Agreement through and including the Termination Date.

(See Tolling Agreement dated January 26, 2012). On March 19, 2012, Plaintiff and Defendants entered into (a second) another tolling agreement which began to run on March 19, 2012, and terminated May 1, 2012. (See Tolling Agreement dated March 19, 2012). The two tolling agreements were in effect from January 26, 2012 until May 1, 2012 for a total of ninety six (96) days of tolling. This would mean that from the date the statute of limitations should have run, March 29, 2012, Plaintiff would have an additional 96 days to bring suit, which would have been July 3, 2012. Plaintiff filed his original complaint on June 22, 2012, well before the Illinois statute of limitations expired. Conveniently, in trying to rebut Plaintiff's statute of limitation argument, the Defendants never mention to this Court they entered into two tolling agreements with Plaintiff. This is no

doubt because consideration of the tolling agreements makes Plaintiff's claims timely.

In Defendants' brief, it appears to make the claim that the statute of limitations in Illinois began to run when Plaintiff hired a new attorney. (See Def.'s Brief at 7, "Plaintiff claims that *Warnock* is "directly applicable to this case" to rebut the argument that the statue began to run when Plaintiff hired new attorneys."). While Defendants again fail to provide this Court with any actual support for this contention, the one Illinois case related to this proposition is distinguishable from the case before this Court and does not apply. In *Goran v. Glieberman*, 276 Ill.App.3d 590, (1st Dist. 1995), the plaintiff there had to hire new attorneys to correct an appellate brief negligently filed by the defendant-attorney, which cost $1,297. 276 Ill.App.3d at 595. The appellate court held that payment of attorney's fees to a second attorney constituted damages to trigger the running to the statute of limitations, because "[w]here the defendant's neglect is a direct cause of the legal expenses incurred by the plaintiff, the attorney fees incurred are recoverable as damages." *Id.* Unlike the *Goran* case, here the Plaintiff's incursion of attorney's fees to a second attorney in the underlying case was not the result of Defendants' negligence, but Defendants' withdrawal from the case. As pointed out above, Plaintiff did not incur any damages from

Defendants' negligent actions until dismissal of the underlying case on March 29, 2010. Therefore, any contention that the Illinois statute began to run before March 29, 2010 has no basis in Illinois law and should be rejected by this Court.

> **B. This Court should find that equitable estoppel tolled the statute of repose period, and Plaintiff properly filed the current action before the repose period ended.**

This Court should find that Plaintiff has adequately alleged facts to demonstrate the statute of repose period was tolled during Defendants' representation of Plaintiff, and that this action was properly filed within the statute of repose period. "The attorney-client relationship constitutes a fiduciary relationship." *In re Winthrop*, 219 Ill.2d 526, 543 (2006). Because of this the Illinois Supreme Court requires attorneys to "keep clients apprised of major developments in their cases." See *In re Smith*, 168 Ill.2d 269, 280 (1995). Within the context of equitable estoppel, "all that is necessary for invocation of the doctrine of equitable estoppels is that the plaintiff reasonably rel[ied] on the defendant's conduct or representations in forbearing suit." *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill.2d 240, 252 (1994) citing *Witherell v. Weimer*, 85 Ill.2d 146, 159 (1981), quoting *Bomba v. W.L. Belvidere, Inc.*, 579 F.2d 1067, 1071 (7th Cir. 1978). While the Defendants call *Jackson Jordan* outdated, they have failed to

point out to this Court any case law demonstrating that the Illinois Supreme Court has changed its case law regarding the doctrine of equitable estoppel. Furthermore, the Illinois Supreme Court holds that "**a fiduciary who is silent, and thus fails to fulfill his duty to disclose material facts concerning the existence of a cause of action, has fraudulently concealed that action, even without affirmative acts or representations**." *DeLuna v. Burciaga*, 223 Ill.2d 49, 77 (2006) (emphasis added). Defendants fail to cite to this court any case law showing that this principle of Illinois law no longer applies.

Plaintiff has shown that Defendants, acting as his fiduciary, stayed silent regarding material facts pertinent to Plaintiff's case which could place Plaintiff's claim in jeopardy of dismissal, and thus should be estopped from raising the statute of repose as an affirmative defense. Plaintiff's affidavit demonstrates Defendants never informed the Plaintiff that they failed to properly make him the personal representative/administrator of his estate, or that such a failure could result in a dismissal of the case before Plaintiff had his day in court. Plaintiff contacted Defendants numerous times regarding the status of the case, and Defendants advised him that they have taken all the appropriate actions to prosecute our case. (A-291). Under Illinois law, Defendants are required to fulfill all of their obligations as fiduciaries to

Plaintiff, and a failure by Defendants to fulfill any affirmative duty equitably estops them from raising the statue of repose as an affirmative defense during the time a fiduciary relationship exists. Thus, this Court should find that the earliest the statute of repose period began to run was August 15, 2008, the date Defendants' withdrawal became effective. Therefore the complaint was timely filed as the statute of repose would run until August 15, 2014.

At several points in their brief, Defendants demonstrate an utter lack of understanding of Illinois case law pertaining to legal malpractice, the statute of limitations for legal malpractice, and the statute of repose for legal malpractice. Both the Defendants are mistaken in the contention that in order for Plaintiff to invoke the doctrine of equitable estoppel that there must be affirmative acts on the part of the Defendants. (Def. Resp. p. 12). The Illinois Supreme Court made clear in *DeLuna* that a fiduciary who stands silently by and "fails to disclose a material facts concerning the existence of a cause of action, has fraudulently concealed that action, **even without affirmative acts or representations**." *DeLuna*, 223 Ill.2d at 77 (emphasis added). Plaintiff has shown Defendants failed to disclose that they were not prosecuting the case, and failed to disclose that Defendants' failure to have Plaintiff appointed special administrator/personal representative of his

parents' estate under the Death on the High Seas Act would be fatal to Plaintiff's case. Under Illinois law, Defendant had a duty to disclose these failures, and his failure to make such disclosures estops him from raising the statute of repose.

The Defendants also erroneously contends that equitable estoppel should not apply in this case when the misrepresentation ended before the repose expired. In support of this argument, they contend that Plaintiff had eight months to bring a malpractice claim after Defendants withdrew in 2008. In support of this contention, Defendants rely on the cases cited by the district court: *Ennenga v. Starns*, 677 F.3d 766, 775 (7th Cir. 2012) (five months was "reasonable time within which to comply with the statute of limitations"); *Mauer v. Rubin*, 401 Ill.App.3d 630, 650 (1st Dist. 2010) ("[a]s little as six months remaining in a statute of limitations period is ample time for a Plaintiff to bring suit."); *Turner v. Nama*, 294 Ill.App.3d 19, 27-8 (1st Dist. 1997) ("Five months…was sufficient."). In reliance on these authorities both the Defendants and the district court contend that "Plaintiff could have filed suit for Defendants' alleged failure to ensure that he obtained personal representative status over his parents' estate within the DOSHA timeframe … the injury occurred when his claims became time-barred." (Def. Resp. p. 13-4). This is simply not correct under Illinois law.

The injury in a legal malpractice action is not a personal injury. *Eastman v. Messner*, 188 Ill.2d 404, 411 (1999). Additionally, **it is not the attorney's negligent act itself.** *Palmros v. Barcelona*, 284 Ill.App.3d 642 (2d Dist. 1996) (emphasis added). "The fact that the attorney may have breached his duty of care is not, in itself, sufficient to sustain the client's cause of action." See *Metrick v. Chatz*, 266 Ill.App.3d 649, 654 (1st Dist. 1994).

All of the cases Defendants and the district court relied on are distinguishable from the case for one simple reason; in those cases when the attorney withdrew from representation, the former clients' cause of action had accrued under Illinois law. Namely, at the time of the withdraw each of the former clients could demonstrate in a complaint: (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that "but for" the attorney's negligence, the plaintiff would have prevailed in the underlying action; and (4) actual damages. As has already been conclusively demonstrated, the Plaintiff in this case did not sustain actual damages in this case until the underlying case was dismissed in March 2010. If Plaintiff would have filed when both the Defendants and the district court claim he should have, Plaintiff's complaint for legal malpractice would have had a fatal flaw, and been subject to

immediate dismissal because during that eight month time frame, Plaintiff had no actual damages as required by Illinois law. Both the Defendants and the district court ignore the fact that under Illinois jurisprudence actual damages are essential to a viable claim for legal malpractice. See *Palmros*, 284 Ill.App.3d at 646.

Lastly, Defendants' Failure to Prosecute argument again demonstrates to this court how little Defendants comprehend Illinois malpractice law. In trying to rebut Plaintiff's argument that the complaint was timely filed within the statute of repose period, Defendants claims this argument does not make any sense because the two-year limitation period expired before the filing of the complaint. As has already been conclusively shown, the statute of limitations for legal malpractice does not begin to run until a Plaintiff has sustained actual damages which in this case came from the March 2010 dismissal order, not the 2008 withdraw of Defendants. Therefore, this Court should reverse the decision of the district court and find Plaintiff's complaint was timely under both the Illinois statute of limitations and statute of repose.

## II. Under New York law, Plaintiff timely filed his complaint within the three year statute of limitations for legal malpractice.

Plaintiff timely filed his complaint for legal malpractice within the three year statute of limitation provided for by New York State. New York law

states that an action for legal malpractice shall be commenced within three (3) years. CPLR § 214. Additionally, New York provides its courts with a statute to help in the computation of a limitations period: "[t]he time within which an action must be commenced, except as otherwise expressly prescribed, **shall be computed from the time the cause of action accrued to the time the claim is interposed**. CPLR § 203 (emphasis added). The New York Court of Appeals (the state's highest court) has stated, "as a general proposition, a tort cause of action cannot accrue until an injury is sustained." *Kronos Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993). It went on further, "[t]hat [meaning the sustaining of an injury], rather than the wrongful act of defendant or discovery of the injury by plaintiff, is the relevant date for marking accrual." *Id.* citing *Schmidt v. Merchants Desp. Transp. Co.*, 270 N.Y. 287, 300 (1936). Thus, a statute of limitations in the state of New York does not begin to run until "there is a legal right to relief" or put another way, "when **all elements of the tort** can be truthfully alleged in a complaint." *Kronos Inc.*, 91 N.Y.2d at 94.

Under New York law, a plaintiff bringing a legal malpractice suit must demonstrate an attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" and "plaintiff must show that the attorney's breach of this professional duty

**caused the plaintiff's actual damages**." *McCoy v. Feinman*, 99 N.Y.2d 295, 301 (2002) citing *Prudential Ins. Co. of Am. v. Dewey, Ballantine, Bushby, Palmer & Wood*, 170 A.D.2d 108, 114 (1st Dep't 1991) ([a]n action for legal malpractice requires proof of three essential elements: (1) the negligence of the attorney; (2) that the negligence was the proximate cause of the loss sustained; and **(3) proof of actual damages**) (emphasis added). Defendants demonstrate an utter lack of understanding (or ability to research) of New York law by somehow concluding that New York law holds a claim accrues when the rights are lost. (Def. Resp. p. 15-6). Not only do the Defendants fail to cite to any authority establishing this, the New York case law cited above expressly rejects Defendants' conclusion.

Based on the above case law, the District Court wrongly concluded that under New York law the statute of limitations began to run when Defendants failed to have Plaintiff named as a personal representative of his parents' estates by October 21, 2002. SPA p. 8. The starting of the statute of limitation on the date of the Defendants' wrongful act has been expressly rejected by the New York Court of Appeals in *Kronos*. (See *Kronos*, 81 N.Y.2d at 94, "[t]hat [meaning the sustaining of an injury], **rather than the wrongful act of defendant** or discovery of the injury by plaintiff, is the relevant date for marking accrual."). The district court confuses the term

injury for Defendants' negligent act; they are two distinct legal concepts. Defendants committed a negligent act on October 31, 2002 by failing to have Plaintiff appointed as personal representative under DOHSA, but the negligent act did not cause an injury until March 29, 2010 when Plaintiff lost his cause of action because of Defendants' negligent act.

The district court also erroneously concluded that at the latest the three-year statutory period began to run was on August 15, 2008, when Defendants' withdrew from the case because Defendants "necessarily had committed the alleged malpractice and the statute of limitations began to run." SPA p. 9. Again, this conclusion confuses terms and has no basis in New York law. Malpractice is a legal term of art that has three distinct elements (1) the negligence of the attorney, (2) that the negligence was the proximate cause of the loss sustained, and (3) proof of actual damages. At the date of withdraw, Defendants had only committed a negligent act, not legal malpractice. That negligent act had still yet to proximately cause Plaintiff loss because the underlying case was still proceeding when Defendants withdrew, and because the case was proceeding (and would for two (2) more years) Plaintiff had yet to sustain actual damages. The district court's discussion about discovery here simply does not matter, because as a

matter of law in New York, Plaintiff had no legal malpractice case at the point of withdraw.

In *Kerbein v. Hutchinson*, the New York Supreme Court, Appellate Division, Third Department dealt with a similar issue about when a plaintiff's cause of action accrued. 30 A.D.3d 730 (3d Dep't 2006). In that case, Plaintiff Kerbein had a worker's compensation claim against her employer and hired defendant attorneys to represent her in connection there with. *Id.* at 731. A settlement hearing was held on December 9, 1999, where the topic of the settlement's tax status was discussed. *Id.* Thereafter, plaintiff Kerbein accepted the settlement terms with the express stipulation that defendants would have 10 days to investigate the tax consequences of the settlement and, should plaintiff choose to, plaintiff could withdraw her acceptance during that period. *Id*. Five days later (December 14, 1999), the defendant attorneys informed the settlement would not be taxable. *Id.* Thereafter, the settlement became binding on plaintiff Kerbein on December 19, 1999. *Id.* In February 2000, Plaintiff discovered the settlement was indeed taxable and filed a legal malpractice suit against the defendant attorneys on December 19, 2002.

On appeal, the defendant attorneys in *Kerbein*, urged the court to find the statute of limitations began to run either on December 9 (the date of the

hearing) or December 14 (the date of negligent advice was given). *Id.* at 732. Rejecting those contentions, the court found the statute of limitations began to run on December 19 "because plaintiff did not detrimentally rely upon the advice given to her by her attorneys until the settlement agreement became binding." *Id.* Put a different way Plaintiff's cause of action did not accrue until Plaintiff could no longer pursue a settlement.

The Defendants and the district court, like the defendants in *Kerbein*, contend that the statute of limitations began on the date of the negligent action occurred (October 31, 2002). However, like in *Kerbein* where the court established that the statute of limitations began to run (or put another way, the cause of action accrued) when plaintiff Kerbein could no longer pursue a settlement, here the Plaintiff's action for legal malpractice did not accrue until he could no longer pursue his cause of action in the underlying case, which occurred on March 29, 2010. Therefore, the district court erred when it found that the statute of limitation began to run at any time before that point. Accordingly, this court should find that Plaintiff's complaint for legal malpractice was timely filed under New York's three year statute of limitations.

### III. The Defendants should be equitably estopped from arguing the statute of limitations in New York applies.

If this court were to find that the cause of action accrued prior to the dismissal of the underlying action (which doesn't make sense), then equitable estoppel must apply to allow Plaintiff's action.

As to continuing representation under New York law, it need not be considered because as has already been shown the complaint was timely filed within the three year statute of limitations period.

IV. **Alternatively, this Court should find the six year statute of limitation for attorney deceit in New York should apply.**

A recent decision by the New York Court of Appeals has held that a six (6) year statute of limitations will apply to an attorney who is "guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party." *Melcher v. Greenberg Traurig*, 2014 WL 1280587 (2014). In this recent decision, plaintiff Melcher successfully argued to the New York Court of Appeals that a claim for attorney deceit is governed by the six year catch all statute of limitation (CPLR § 213(1)) not the three year statute of limitation (CPLR § 214(2)). Here, the Plaintiff has pled that Defendants were deceitful in that they failed to prosecute Plaintiff's case, lied about getting Plaintiff appointed as personal representative as required by DOHSA, lied about having trying to vacate the alleged settlement with EgyptAir, and was deceitful about how the case was proceeding when the Plaintiff would contact Defendants. Therefore, based

on recent authority, and in the alternative, this Court should find that the six-year statute of limitations for attorney deceit applies.

It should be noted that *Melcher* was not decided until April 1, 2014 of this year. This is the first opportunity that the Plaintiff had to cite this case. Prior to *Melcher*, it had not been established that the six year statute of limitations applied to actions for attorney deceit. Plaintiff did not have the opportunity to raise this issue with the lower court. This represents the first time Plaintiff could make such an argument so it should not be considered waived.

Moreover, as noted, *supra*, the Defendants engaged in deceit and this is evidenced by the Plaintiff's affidavit, which is part of the record, along with the lower court's ruling that the Defendants failed to appoint a special representative. Indeed the Plaintiff did not know that this failure was fatal to his action and the Defendants certainly did - yet the Defendants said nothing to the Plaintiff. In the event that this Court finds that the amended complaint at issue does not adequately allege attorney deceit it should still reverse and remand with instructions to allow Plaintiff to file an amended complaint. Certainly, there are facts in the record that when set forth sustain an action

for attorney-deceit.[1]  Thus, this Court should apply the 6-year statute of limitations under *Melcher* and reverse the decision of the district court.

## V.    Choice of Law

Plaintiff stands on the arguments made in its brief already filed with the Court. As to Defendants' contention that Plaintiff waives any claim it may have under New York law has no basis in case law, and Defendants fail to cite to any authority making such a holding. If this court were to find that New York law were to apply to Plaintiff's legal malpractice claim, then the Court should remand for further proceedings, as Plaintiff has already conclusively demonstrated that his claim was timely under New York law.

---

[1] In the event that this Court finds that the amended complaint at issue does not adequately allege attorney deceit is should still reverse and remand with instructions to allow Plaintiff to file an amended complaint.

## CONCLUSION

WHEREFORE, Plaintiff, MOATAZ MOHAMED, respectfully requests that this Court vacate the order of the district court, or in the alternative, reverse and grant Plaintiff leave to amend his complaint as necessary, and for such other and further relief as this Honorable Court deems reasonable and just.


By:    /s/ Amir R. Tahmassebi   
       Attorney for Plaintiff


Daniel F. Konicek
Amir R. Tahmassebi
Andrew J. Candela
Konicek & Dillon, P.C.
21 W. State St.
Geneva, IL 60134
630.262.9655

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the foregoing brief is in <u>14-Point Times New Roman</u> proportional font and contains 4,186 words and thus is in compliance with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.


Dated: April 21, 2014               /s/ Amir R. Tahmassebi_____
                                          Amir R. Tahmassebi


Daniel F. Konicek
Amir R. Tahmassebi
Andrew J. Candela
Konicek & Dillon, P.C.
21 W. State St.
Geneva, IL 60134
630.262.9655