UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
------------------------------------------------------------------------ x

MOATAZ MOHAMED, Individually and as Personal Representative of the Estates of ALY RASHAD ALY MOHAMED and BARIA ZAKI MOHAMED, deceased,

           Plaintiffs,

-against-

DONALD J. NOLAN, LTD. d/b/a NOLAN LAW GROUP and DONALD J. NOLAN, Individually,

           Defendants.

------------------------------------------------------------------------ x

Case No.: CV 12 3139
Judge: Johnson
(district court)

**Court of Appeals Docket # 13-3638**

**Affirmation of Joseph L. Francoeur**

**JOSEPH L. FRANCOEUR**, an attorney duly licensed to practice law in the State of New York, affirms the following under penalty of perjury:

1.     I am a member of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for defendant DONALD J. NOLAN, LTD. d/b/a NOLAN LAW GROUP and DONALD J. NOLAN, Individually ("Nolan"), in the above captioned action.

2.     I submit this affirmation in support of Nolan's motion to strike Point IV from plaintiff / appellant's reply brief.

3.     Plaintiff's Reply Point IV raises for the first time a new cause of action for "attorney deceit" that is separate and apart from the only cause of action in the amended complaint professional negligence (malpractice). (*see* Record 65-69). Accordingly, a claim for attorney deceit is not part of the amended complaint, the record, or the briefing prior before This Court prior to the reply brief.

4.     It is wholly improper to raise a cause of action that is not part of the pleading or record for the first time on appeal. Plaintiff's reply appears to acknowledge this issue as it

claimed that "this is the first opportunity that Plaintiff had to cite" to *Melcher*. (Reply Br. P. 17). However, the cause of action for "attorney deceit" is as old as this country and it could have been brought as part of this lawsuit as the court in *Melcher* observed:

> A cause of action for attorney deceit therefore existed as part of New York's common law before the first New York statute governing attorney deceit was enacted in 1787. The 1787 statute enhanced the penalties for attorney deceit by adding an award for treble damages, but did not create the cause of action.(citations omitted).

*Melcher v. Greenberg Traurig*, LLP, 2014 N.Y. LEXIS 581, 5-6 (N.Y. Apr. 1, 2014)

5. Further, This Circuit does not allow new arguments to be raised on reply as the authorities below make clear:

> Ms. Bletas contends for the first time in her reply brief that she actually did raise her improper service defense during the settlement conference. It is not clear whether she made the same claim to the district court, which would have been in a much better position to determine its accuracy. In any event, we will not consider her contention because Ms. Bletas did not raise it in her opening brief to this court.
>
> *Subway Int'l B.V. v. Bletas*, 512 Fed. Appx. 82 (2d Cir. Conn. 2013).
>
> In his reply brief, Evangelista urges for the first time that he could show detrimental reliance on repealed section 212(c) because he could have, but did not, file an administrative motion for a discretionary waiver of deportation before the repeal of the waiver for aggravated felons. At oral argument, the government replied that this argument is not properly before us because it was made for the first time in Evangelista's reply brief. The government continued that on the merits, Evangelista had no reliance interest because he did not file such a motion and, moreover, because he could not file such a motion until he became eligible for deportation upon his conviction, which postdated the repeal of waiver for aggravated felons. We do not consider the merits of Evangelista's argument, because "we will not consider an argument raised for the first time in a reply brief." *See United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003).
>
> *Evangelista v. Ashcroft*, 359 F.3d 145 (2d Cir. N.Y. 2004)

6097384v.1

6. Therefore, as the cause of action is not part of the record, and as this argument was improperly raised for the first time in a reply brief, this portion (Point IV) of plaintiff's reply should be stricken.

Dated: New York, New York
April 28, 2014

JOSEPH L. FRANCOEUR