# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand fourteen.

PRESENT:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        ROBERT D. SACK,
        GERARD E. LYNCH,
                *Circuit Judges*.

---

MOATAZ A.R. MOHAMED, Individually and as
Personal Representative of the Estates of Aly
Rashad Aly Mohamed and Baria Zaki Mohamed,
Deceased,

        *Plaintiff-Appellant*,

      v.                                No. 13-3638

NOLAN LAW GROUP, DONALD J. NOLAN,
DONALD J. NOLAN, LTD., dba NOLAN LAW
GROUP,

        *Defendants-Appellees*.[*]

---

[*] The Clerk of the Court is directed to amend the official caption to accord with the above.

| For Plaintiff-Appellant: | Daniel F. Konicek and Amir R. Tahmassebi, Konicek & Dillon, Geneva, IL. |
|---|---|
| For Defendants-Appellees: | Thomas A. Leghorn and Joseph L. Francoeur, Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY. |

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and is hereby **AFFIRMED**.

Plaintiff-appellant Moataz A.R. Mohamed, individually and as personal representative of the estates of his deceased parents, Aly Rashad Aly Mohamed and Baria Zaki Mohamed, appeals an order of the district court (Garaufis, *J.*) granting, with prejudice, defendants-appellees' motion to dismiss his claim for attorney malpractice. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The district court concluded that plaintiff-appellant's malpractice complaint was untimely under both New York and Illinois law, reasoning, *inter alia*, that more than three years had elapsed between the relevant alleged act of attorney negligence and the filing of the complaint (thus rendering the claim untimely under New York's applicable statute of limitations, N.Y. C.P.L.R. § 214(6)) and more than six years had elapsed between the relevant act or omission and the filing of the complaint (thus rendering the claim untimely under Illinois's statute of repose, 735 Ill. Comp. Stat. § 5/13-214.3(c)).

We review the district court's order granting a motion to dismiss *de novo*, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's

favor." *Licci ex rel. Licci v. Lebanese Canadian Bank*, 672 F.3d 155, 156 (2d Cir. 2012) (per curiam) (quoting *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010)).

We affirm for substantially the reasons given by the district court. Like the district court, we conclude that the complaint does not plausibly allege facts that would toll either New York's or Illinois's applicable statute for sufficient time to render the claim timely.[2] We similarly agree, for substantially the reasons given by the district court, that the complaint should be dismissed with prejudice. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 213–14 (2d Cir. 2011) (per curiam) (noting the well-established rule that leave to amend need not be granted where amendment would be futile).

We have considered the appellant's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[2] In his reply brief, plaintiff-appellant asserts, for the first time, a claim for attorney deceit under section 487 of New York's Judiciary Law, a claim that is older than the statutes of the State of New York. *See Melcher v. Greenberg Traurig, LLP*, 23 N.Y.3d 10, 15 (2014). While the New York Court of Appeals recently construed the statute of limitations for a section 487 claim, *see id*. at 14–15, plaintiff-appellant's argument that this recent decision should excuse his forfeiture of this claim is without merit. Because "[w]e will not consider an argument raised for the first time in a reply brief," *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003), we **GRANT** the appellees' motion to strike the relevant portions of the reply brief.